IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| MAZDA MOTOR OF AMERICA, INC. | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. AW-05-648 |
| COLLEGE PARK MOTOR CARS, INC. | * | |
| Defendant. | * | |

*****

## MEMORANDUM OPINION

Currently pending before the Court is Defendant's Motion for Leave to Amend its Answer and Affirmative Defenses [17]. The Court has reviewed the entire record, as well as the Pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2005).

Rule 15(a) of the Federal Rules of Civil Procedure sets forth the standard for the amendment of pleadings. Rule 15(a) provides that, after a responsive pleading is served, a party can amend a pleading only by leave of court or by written consent of the adverse party. Rule 15(a) instructs that leave of the court shall be freely given when justice so requires. Fed. R. Civ. P. 15. Therefore, a court should deny leave to amend only where the undue delay is accompanied by prejudice, bad faith, or futility, which occurs when the proposed amendment is clearly insufficient or frivolous on its face. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). The decision whether to grant a motion to amend rests within the sound discretion of the Court. *Foman*, 371 U.S. at 182.

Plaintiff argues that granting the motion would cause an undue delay and would prejudice Plaintiff. In particular, Plaintiff contends that the parties would have to engage in additional

discovery related to the proposed affirmative defenses. Defendant, however, has stated that it did not plead these affirmative defenses at an earlier point in this litigation because Defendant only learned the facts that warranted the addition of these defenses during discovery. Without knowledge of these facts, Defendant could not have included the proposed defenses in good faith at the commencement of litigation. Under these circumstances, the Court will grant Defendant's motion, despite Plaintiff's objections. The Court does not find that Defendant has acted in bad faith. In addition, the Court finds that Defendant's proposed amendment is not clearly insufficient or frivolous on its face. To ameliorate any prejudice that Plaintiff might suffer as a result of this decision, this Court will allow the parties an additional 45 days from the date of this Memorandum Opinion within which to complete discovery.

## **CONCLUSION**

For the aforementioned reasons, this Court will grant Defendant's Motion for Leave to Amend [17]. An Order consistent with this Opinion will follow.

Date:  October 25, 2005                                /s/
                                        Alexander Williams, Jr.
                                        United States District Court